**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CURTIS B. GABRIEL, II,

    Petitioner,                   Civil No. 05-72428-DT
                                   HONORABLE BERNARD A. FRIEDMAN
v.                                 CHIEF UNITED STATES DISTRICT JUDGE

DOUGLAS VASBINDER,

    Respondent,
                                 /

## OPINION AND ORDER OF SUMMARY DISMISSAL

Curtis B. Gabriel, II, ("petitioner"), presently confined at the Cooper Street Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to commit sexual conduct involving penetration, M.C.L.A. 750.520g. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

**I. Background**

Petitioner pleaded *nolo contendere* to the above offense in the Genesee County Circuit Court. Petitioner was sentenced on September 4, 2001 to 5-10

years in prison. The Michigan Court of Appeals denied petitioner's application for leave to appeal on February 20, 2002. *People v. Garbriel,* No. 238963 (Mich.Ct.App. February 20, 2002). Petitioner never filed an application for leave to appeal to the Michigan Supreme Court.[1] The instant habeas petition was signed and dated June 13, 2005.[2]

## II. Discussion

The Court will grant respondent's motion for summary judgment, because the petition for writ of habeas corpus has not been filed within the one year statute of limitations.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F.

---

[1] *See* Affidavit from Corbin R. Davis, Clerk of the Michigan Supreme Court, dated November 28, 2005 [This Court's Dkt. Entry # 13].

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on June 13, 2005, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, the Michigan Court of Appeals denied petitioner's direct appeal on February 20, 2002. Normally, the one year statute of limitations does not begin to run until the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). In this case, however, petitioner is not entitled

3

to have the ninety day time period for seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file a timely application for leave to appeal to the Michigan Supreme Court divested the U.S. Supreme Court of jurisdiction to grant a writ of certiorari. *See Eisermann v. Penarosa,* 33 F. Supp. 2d 1269, 1272-73, n. 5 (D. Hawaii 1999)(citing to *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969)).

Under M.C.R. 7.302(C)(3), petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because petitioner did not file an application for leave to appeal with the Michigan Supreme Court, his conviction became final, for purposes of the AEDPA's statute of limitations, on April 17, 2002, fifty six days after the Michigan Court of Appeals affirmed his conviction. *See Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001); *Gutierrez v. Elo*, 2000 WL 1769559, * 2 (E.D. Mich. October 30, 2000). Petitioner therefore had until April 17, 2003 to file his petition for writ of habeas corpus with this Court. Because the instant petition was not filed until June 13, 2005, petitioner's habeas application is untimely unless the limitations period is somehow tolled.

The AEDPA's limitations period is subject to equitable tolling. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a

4

satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010.

Petitioner filed a reply to the motion for summary judgment on February 10, 2006. However, this reply brief is for the most part illegible due to the poor quality of the pleadings submitted by petitioner. On June 29, 2006, this Court issued an order of deficiency directing petitioner to file a legible copy of his reply brief within thirty days of the order. The Court further warned petitioner that if he failed to provide a legible copy of his reply brief by that time, the Court would rule on the motion for summary judgment without further notice. On August 3, 2006, this Court granted petitioner a thirty day extension to comply with the order of deficiency and supply a legible copy of his reply brief. To date, petitioner has failed to comply with the Court's order to file a legible reply brief. Petitioner has attached several documents to his illegible reply brief which are legible.

In his petition for writ of habeas corpus, petitioner alleges that his family retained post-conviction counsel on April 27, 2003 to represent him in state post-conviction proceedings, but that counsel failed to ever file any post-conviction motion on petitioner's part.

This Court cannot equitably toll the limitations period for the time that petitioner was attempting to retain post-conviction counsel. There is no constitutional right to an attorney in state post-conviction proceedings. *Coleman*

*v. Thompson,* 501 U.S. 722, 752 (1991); *See also Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987). Petitioner would not be entitled to equitable tolling for the time spent by himself and his family attempting to retain post-conviction counsel. *See Holloway,* 166 F. Supp. 2d at 1189; *Bilodeau v. Angelone*, 39 F. Supp. 2d 652, 659 & n. 1 (E.D. Va. 1999).

Petitioner would also not be entitled to equitable tolling of the limitations period based upon counsel's failure to file a post-conviction motion with the state courts. As a general rule, "a lawyer's mistake is not a valid basis for equitable tolling." *Jurado v. Burt,* 337 F. 3d 638, 644 (6th Cir. 2003)(*quoting Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir. 2002)). Moreover, because there is no constitutional right to the assistance of counsel in post-conviction proceedings, counsel's failure to file a post-conviction motion on petitioner's behalf would not toll the statute of limitations. *Brown v. United States,* 20 Fed. Appx. 373, 375 (6th Cir. 2001); *Cummings v. Yukins,* 197 F. Supp. 2d 785, 787 (E.D. Mich. 2002); *Casas v. United States*, 88 F. Supp. 2d 858, 860 (N.D. Ill. 1999). Petitioner is also not entitled to equitable tolling on this basis, because there is no evidence that post-conviction counsel's alleged conduct prevented petitioner from timely filing his habeas petition with this Court. *See Boyd v. Robinson,* 61 Fed. Appx. 928, 930 (6th Cir. 2003). Although petitioner briefly indicates that post-conviction counsel retained his "paperwork" for over two years, post-conviction counsel's retention of petitioner's case file would not justify equitable tolling of the

6

limitations period because there is no argument from petitioner how this prevented him from filing his habeas petition on time. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002).

In his habeas petition, petitioner further indicates that he is untrained in the law. An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Likewise, ignorance of the law does not justify equitable tolling. *See Allen v. Yukins,* 366 F. 3d 396, 403 (6th Cir. 2004).

Finally, the Court notes that petitioner alleges in his petition that he is actually innocent of the crime for which he pleaded *nolo contendere.* The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005).

Petitioner is not entitled to have the limitations period tolled because other than his unsupported, self-serving statements, petitioner has offered no affidavits or other documentary evidence in support of this claim of actual innocence. *See Herbert v. Jones,* 351 F. Supp. 2d 674, 678-79 (E.D. Mich. 2005). Any actual innocence exception to AEDPA's statute of limitations is further inapplicable, in light of the fact that petitioner pleaded *nolo contendere* to the charge that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D.

Mich. 2005). [3]

In this case, petitioner has failed to establish his actual innocence to the crime charged, for purposes of tolling the one year limitations period, because he has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1191. Accordingly, summary dismissal of the petition is appropriate.

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a

---

[3] At least one other judge in this district has suggested that a plea of guilty forecloses a claim of actual innocence so as to excuse a procedural default, although the judge acknowledged that no appellate court case had explicitly adopted such a rule. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 699-700 & n. 6 (E.D. Mich. 1999).

8

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

9

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

_____s/Bernard A. Friedman_____
**HON. BERNARD A. FRIEDMAN**
CHIEF UNITED STATES DISTRICT JUDGE


Dated:  September 20, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 20, 2006, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager